Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-CV-035-HRW

ROBERT HAYES                                                                                          PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                                                RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Robert Hayes, an individual currently incarcerated in the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), proceeding *pro se*, has submitted a self-styled Petition for Writ of Habeas Corpus, seeking relief under 28 U.S.C. § 2241, and he has paid the District Court's $5.00 filing fee for a habeas action.

This matter is before the Court for screening. 28 U.S.C. § 2243. *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As the Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

CLAIM

Petitioner complains of the probation officer's calculation of his criminal history points in

his Pre-sentence Report ("PSI").

## FACTUAL ALLEGATIONS

The following is a summary or construction of the allegations contained in Hayes' 5-page Petition. He begins by captioning it with his name as the Defendant, the United States' being the Plaintiff, and a reference to Case No. 3:99-CR-00026-001-S. That case number is not one from this Court; and it remains untitled and otherwise unidentified throughout his pleading.

In the body of his Petition, Hayes begins by admitting that in 1991, a jury found him guilty of reckless homicide, a lesser charge than those in the indictment, in case number 90-CR-2097, in Jefferson County, Kentucky, and he was sentenced to 5 years imprisonment with the Kentucky Department of Corrections. Petitioner contends that his conviction was overturned on appeal by the State Supreme Court, and so the 3 points should not have later been used by the federal government in calculating his criminal history points for sentencing, as it evidently was.

Further, while he was incarcerated for the reckless homicide conviction from October 11, 1991 to December 12, 1993, Petitioner was purportedly implicated in a 1992 prosecution, Case No. 92-CR-3261, also in Jefferson County. Hayes asks, how could he be charged with "Criminal Syndication, Engaging in Organized Crime z-Trafficking [sic] in a controlled substance in case no. 92-CR-3261, when [he] was incarcerated from 1990 to 1993?"

Without naming counsel or identifying which case he is challenging herein, although the Court construes that it is the unidentified 1999 case whose number is referenced at the top of page one, Petitioner complains that his attorney did not "go over the PSI pursuant to the dictates of Rule 32(c)(3)(D)" of the Federal Rules of Criminal Procedure. Because counsel did not do so, the attorney rendered ineffective assistance, erroneous information in the PSI was not corrected, and the

calculation of Hayes' criminal history points was wrong, to his detriment. This wrongly affected Petitioner's sentencing in the unidentified District Court, in that he was sentenced based on enhanced criminal history points. The uncorrected error has also affected his classification.

Describing the error as "plain," "egregious," in violation of his "substantial rights," and "prejudicial," the instant Petitioner asks that the Court remand the case so that the sentence which is based on the erroneous PSI can be vacated.

## DISCUSSION

The general rule is that 28 U.S.C. § 2241 permits challenges to official action affecting execution of sentence, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th cir. 1999). It is 28 U.S.C. § 2254 or § 2255 which relate to conviction and/or imposition of sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).

Accordingly, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). That statute specifically provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Consistent with the statute, matters involving allegations of ineffective assistance of trial counsel are routinely brought pursuant to 28 U.S.C. § 2255 in the sentencing court. *See Dillon v. United States*, 69 F.3d 537, 1995 WL 631434 (6th Cir. (Tenn.)) (Table, unpublished); *see*

*also Drury v. United States*, 62 F.3d 1417, 1995 WL 469431 (6th Cir. 1995) (Table, unpublished).

Because the instant Petitioner actually seeks to change a sentence which was handed down based on an erroneous calculation, the Court finds that the Section 2255 is the proper statute for bringing the instant challenge to the trial court.  That is not the end of the matter, as the Court struggles to construe the Petitioner's intent.

The same statute, in the fifth paragraph of Section 2255, commonly called the "savings clause," does permit a prisoner to seek habeas corpus relief under Section 2241, but only if his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention.  28 U.S.C. § 2255, ¶5.  Therefore, this Court liberally construes this Petition as whether it was intended to invoke Section 2255's savings clause.

Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction or sentence under pre-existing law.  *See Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).  Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief.  *Charles*, 180 F.3d at 756.  Nor does a time bar make a Section 2255 motion inadequate or ineffective.

Subsequently, in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit added a second requirement to a prisoner's use of 28 U.S.C. § 2241 to raise a matter relating to his conviction or sentence obtained in another District Court.  It ruled that the prisoner must also make a claim of "actual innocence."  The appellate court explained that an actual innocense claim arises when the petitioner was convicted under a criminal statute, and thereafter the Supreme Court issues

4

a decision that more narrowly interprets the terms of that statute, such that there is a risk that the petitioner was convicted of conduct that the law does not make illegal. Hence, the petitioner is "actually innocent" of the crime of which he was convicted.

Therefore, use of the savings clause of Section 2255 herein in order to use Section 2241 in the district of his confinement, is conditioned upon a demonstration of the inadequacy and ineffectiveness of Hayes' remedy via a Section 2255 motion to the trial court and his presenting a claim of actual innocence. This is a high threshold to cross under *Charles* and *Martin*, one which the instant Petitioner fails to cross.

Hayes offers no reason for why or how his remedy via a Section 2255 motion was or is inadequate or ineffective; nor does he urge a claim that he is actually innocent of his conviction in the 1999 case when a new case from the Supreme Court of the United States is applied. Because the instant Petitioner has failed to meet the minimal requirements for use of 28 U.S.C. § 2241 to challenge his sentence handed down elsewhere, the Court concludes that the Petitioner has failed to state a claim upon which this Court may grant relief.

Accordingly, **IT IS ORDERED** as follows:

(1) Robert Hayes' Petition for Writ of Habeas Corpus is **DENIED**;

(2) this action will be **DISMISSED**, *sua sponte*, from the Court's docket; and

(3) Judgment shall be **ENTERED** contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This March 19, 2008.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge